**Bill BLACK, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

June 14, 1976.

Certiorari Denied by Supreme Court Oct. 4, 1976.

R. O. Smith, Erwin, Walter A. Curtis, Elizabethton, for appellant.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, for appellee.

O'BRIEN, Judge.

OPINION

Defendant was convicted of selling marijuana with punishment fixed at eleven (11) months and twenty-nine (29) days to be served in the County Jail.

On this appeal five assignments of error are made, the first four of which pertain to the preponderance and legal sufficiency of the evidence. Defendant says: (1) There was no evidence upon which a verdict of guilty could be found; (2) The evidence preponderates against the verdict; (3) It was error to allow admission of a letter from the State toxicologist which stated that the substance he obtained (from the agent) was marijuana; (4) It was error to allow the opinion of the toxicologist to be expressed in court without him appearing personally to testify since this denied defendant the right of confrontation of the witness.

An undercover witness testified that she purchased 20.8 grams of marijuana from defendant on December 7th, 1973, for the sum of fifteen dollars ($15.00). She kept this substance in her possession until March 8th, 1974 when she transported it to the Kingsport Toxicology Laboratory where an analysis was performed. The substance was returned to her and retained in her possession until the date of trial. No toxicologist testified. Over defendant's objection a letter over the signature of Thomas A. Smith, toxicologist, and William H. Anderson, Director, Kingsport Toxicology Laboratory, was admitted in evidence. This correspondence, addressed to the undercover agent, referred to Bill Black, Case No. 33, Laboratory No. 740509, stated that the analysis of items received from the agent consisted of, "one plastic bag containing one plastic bag which contains 20.8 grams of plant material which contains tetrahydrocannabinols (marijuana) (Schedule VI)."

Defendant objected to the admission of the correspondence on the basis of hearsay, and for the reason that he was denied the right to cross-examine in regard to the analysis. The trial Judge sustained an objection when defense counsel endeavored to cross-examine the agent regarding the nature of the tests run on the substance submitted to the toxicologist.

The State argues that the report was admissible as a business record under the provisions of T.C.A. Sec. 24–714, or in the alternative, under the provisions of T.C.A. Sec. 59–1049 which provides for the admission of the results of a blood alcohol test under the Implied Consent Law applying to operation of motor vehicles in the State.

■ We conclude that neither position is tenable. The letter from the toxicologist was certainly not a record which would qualify under the provisions of the Uniform Business Records As Evidence Act in any manner whatsoever. Neither can it be fitted into the framework of the Implied Consent Law. There is no valid evidence in this record concerning the analysis of, or the actual quantity of tetrahydrocannabinols in, the substance which the undercover agent testified she purchased from defendant. Defendant was denied the right of confrontation and under the circumstances of this case must be granted a new trial.

Defendant says that the trial court erred in delivering a "Dynamite Charge" to the jury prior to their deliberations.

■ The objected to instructions, commonly referred to in this State as the "Allen-Simmons" charge is now proscribed under the authority of *Kersey v. State*, 525 S.W.2d 139 (Tenn.1975). The trial Judge did give the "Allen-Simmons" charge in his original instructions to the jury. No objection was made at the time the instructions were delivered. In *Keene v. State*, in an opinion of this court released in August, 1975, we affirmed the judgment on the same issue and a similar state of facts. On March 1st, 1976, the Supreme Court affirmed the judgment of this court in the *Keene* case, making the distinction that the objected to instructions, under the facts of the case, were likewise disapproved, but were not to be considered as reversible error under the circumstances. Since this case is reversed for possible retrial, we bring this to the trial Judge's attention.

Reversed and remanded.

GALBREATH and RUSSELL, JJ., concur.